ZOLKIN TALERICO LLP
Derrick Talerico (State Bar No. 223763)
dtalerico@ztlegal.com
David B. Zolkin (State Bar No. 155410)
dzolkin@ztlegal.com
12121 Wilshire Blvd., Suite 1120
Los Angeles, CA  90025
Telephone:     (424) 500-8552
Facsimile:     (424) 500-8951

COHNE KINGHORN, P.C.
George Hofmann (Utah Bar No. 10005)
*pro hac vice pending*
Timothy Nielsen (Utah Bar No. 17424)
*pro hac vice pending*
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone:  (801) 363-4300

Proposed Attorneys for Larada Sciences, Inc.,
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LARADA SCIENCES, INC.,<br>a Utah corporation,<br><br>            Debtor and Debtor-in-Possession. | Case No. 9:21-bk-10269-DS<br><br>Chapter 11<br><br>**EMERGENCY MOTION FOR ENTRY OF AN ORDER LIMITING NOTICE**<br><br>Hearing:<br>Date:       [To be Set]<br>Time:       11:30 a.m.<br>Courtroom: 201<br>                 1415 State Street<br>                 Santa Barbara, CA 93101<br>*(Zoom or Telephonic appearances only)* |

1

Larada Sciences, Inc. (the "Debtor"), debtor and debtor in possession in the above-captioned bankruptcy case, through its undersigned proposed counsel, hereby brings this emergency motion (the "Motion") for the entry of an order authorizing the Debtor to limit notice of certain matters requiring notice to creditors and equity security holders in the Debtor's pending chapter 11 case (the "Case"). The Motion is brought pursuant to Local Bankruptcy Rules 2081-1(a)(1) and 9075-1 and 11 U.S.C. §§ 105(a) and Rule 2002 of the Federal Rules of Bankruptcy Procedure. The declarations of Claire Roberts and Gil A. Miller in support of the Motion are being filed concurrently with the Motion. The Debtor submits that the relief requested herein will mitigate the administrative burden that would otherwise be imposed upon the Debtor's estate without significantly diminishing creditor participation in the administration of the Debtor's Case. The Motion is brought on an emergency basis on account of the need to serve motions for relief in the coming days.

## MEMORANDUM OF POINTS OF AUTHORITIES

### I. RELIEF REQUESTED

The Debtor requests that the Court exercise the authority granted to it by the Bankruptcy Rules to limit notice in this Case in the manner described in this Motion to:

(1)  the Office of the United States Trustee;

(2)  if and until such time that any official committee(s) of creditors is appointed, the creditors on the Debtor's 20 Largest Unsecured Creditor List, filed with the Debtor's Petition;

(3)  until such time that counsel for any official committee(s) of unsecured creditors in the Case is named, the individual members of any such committee(s)

(4)  counsel to any official committee(s) of unsecured creditors, once such counsel has been named;

(5)  secured creditors or their counsel;

(6)  parties who file with the Court and serve upon the Debtor requests for special notice; and

(7)  any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non- debtor party to an executory contract

being assumed or rejected, parties asserting interests in property being sold, and the like

Bankruptcy Rule 2002(a) provides that, unless otherwise ordered pursuant to Bankruptcy Rules 2002(h), (i) and (l), notice of specified matters must be provided to, among others, all creditors. Other provisions of the Bankruptcy Code and the Bankruptcy Rules require that notice of specified matters be given to certain designated entities that are entitled to notice of the particular matters and to such other entities as the Court may direct.

Given the Debtor's Petition provides a mailing matrix listing over 225 creditors and 85 equity holders, and the fact that several of the creditors are located overseas, requiring the Debtor to give notice to each creditor on every motion would impose burdensome administrative costs upon the Debtor, the bankruptcy court, and the clerk's office. Limiting notice in the fashion described herein will prevent the unnecessary waste of time and resources required to serve notice of certain pleadings and other documents on all creditors and interest holders, and allow the Debtor the ability to conduct its business and reorganize its affairs in a more efficient manner.

The Debtor has a need to file motions concerning Franchisee payments and professional and ordinary course employment that can be heard on regular notice but must be served by Wednesday March 24, 2021. A hearing to limit notice prior to service on Wednesday March 24, 2021 is required to avoid the burden of a service not limited by prior order of the Court.

Limiting notice will not materially prejudice any party because parties will have an opportunity to request special notice in the Debtor's Case. Furthermore, any party with a pecuniary interest in the matters affected by a particular Motion will be served by the Debtor as a matter of course. Thus, the relief requested herein will not prejudice any party with an interest in this bankruptcy proceeding, and ultimately, due to cost savings, will benefit creditors of the Debtor's bankruptcy estate.

## II. BACKGROUND

### A. The Commencement of the Case

On March 19, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Bankruptcy Code, in the United States Bankruptcy Court for the Central District

of California, Northern Division. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is managing its assets and properties as debtor-in-possession. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

### B.   Background Related to Debtor's Business

Larada is a Delaware corporation formed in 2006, initially based on utilizing technology licensed from the University of Utah with the goal of taking a newly developed treatment for head lice to market.  Since the inception of its business, Larada has become an established franchisor in the professional lice treatment business, and accordingly provides services to support its franchisees including but not limited to developing a national brand (Lice Clinics of America), hosting franchisee websites and related online lead generation, digital marketing, national marketing, local marketing, operations best business practices, training, and more - all necessary to operate a professional lice treatment business.  Beginning in 2014, Larada conducted business under the trade name "Lice Clinics of America (LCA)."  Its website is located at: liceclinicsofamerica.com

As part of the franchisor services, Larada provides franchisees with AirAllé® devices, which are exclusive FDA-cleared medical devices that kill head lice and lice eggs in a single treatment, using heated air to quickly dessicate head lice.  The LCA lice treatment process which incorporates the use of the AirAllé® is faster and more effective than the older, traditional methods of removing head lice, which generally have required multiple uses of a specialized comb to physically remove lice from the head combined with continued use of topical products or shampoos, typically using pesticides, and often taking weeks to eradicate the lice infestations.  The AirAllé® device forces air at just the right temperature under the hair and close to the scalp where the lice feed and lay their eggs.  This causes the lice and lice eggs to quickly dehydrate and die and therefore with a one-hour appointment clients are lice-free without the use of pesticides. Through its franchisees (and one company owned location) Larada has provided over 700,000 such lice treatments.

Larada's franchisees serve a crucial role in the ability of Larada to reorganize successfully.

In addition to the franchise business, the Debtor also markets pesticide free do-it yourself home treatment products directly to consumers (and these products are also offered wholesale to the

franchisees for retail distribution through their locations).

Larada does business under the name "Lice Clinics of America," as well as "Lice Clinics of Australia", "Lice Clinics of Canada" and so forth depending on the country. Between franchise locations and the single clinic owned by Larada, there are currently 230 clinics licensed to operate across 26 countries, down from a high of over 260 licensed clinics pre-COVID. Larada currently has 153 franchised clinics open and operating in the United States and approximately 16 locations currently open in 25 foreign countries. Approximately 61 of the 230 clinics worldwide are still temporarily closed due to COVID.

### C. Background Related to Relief Requested

The Debtor's creditor matrix currently lists over 225 creditors and 85 equity holders. maintains relationships with approximately 125 non-debtor licensees and franchisees worldwide (the "Franchisees" and each a "Franchisee"). These relationships are memorialized in written franchise and/or license agreements (the "Franchise Agreements" and each a "Franchise Agreement"). The revenue derived from Franchisee operations accounts for the majority of Debtor's total revenue.

## III. DISCUSSION

### A. This Court Has The Authority To Limit Notices And Should Do So In This Case.

Section 102(1)(A) of the Bankruptcy Code defines the phrase "after notice and a hearing" to mean: "[A]fter such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances…" 11 U.S.C. § 102(1)(A).

Pursuant to this authority, the Bankruptcy Rules confer authority upon this Court to regulate notice requirements. Bankruptcy Rule 2002(m), which gives the Court discretion to enter orders regulating notice, provides:

> The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules.

The notice procedure outlined below comports with Bankruptcy Rule 2002(i) which provides, in pertinent part:

> Copies of all notices required to be mailed pursuant to this rule shall be

> mailed to the committees . . . appointed under § 1102 of the Code or to their authorized agents. Notwithstanding the foregoing subdivisions, the court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States trustee and be mailed only to the committees…appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

The use of the notice procedure outlined in Bankruptcy Rule 2002(i) is especially appropriate in a case of this nature, where providing notice to each individual creditor and sending notice via certified mail to certain creditors would be both burdensome and economically infeasible.

Finally, Bankruptcy Rule 9007 grants the Court general authority to regulate notices:

> When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.

The Debtor's proposed notice procedure is well within the Court's authority to regulate notices and will mitigate the administrative burden that would otherwise be imposed upon the estate without significantly diminishing creditor participation in the administration of this case.

### B.  **Authorizing The Limited Noticing Procedures Submitted Herein Is Appropriate**.

The mailing of notices of all such matters to all creditors in this Case would be impractical and would impose an enormous administrative and economic burden upon the Debtor's estate. Accordingly, as permitted by Bankruptcy Rules 2002(i) and 2002(m), the Debtor proposes that the Court enter an order limiting notice and designating the parties upon whom notice must be served, and the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice and the manner of service, including, by way of example and without limitation, matters subject to Bankruptcy Rules 2002, 4001, 6004, 6006, 6007 or 9014. Specifically, the Debtor proposes that, with respect to all such matters, the Court issue an order that provides that notice need be served only upon the following parties:

(1)  the Office of the United States Trustee;

(2)  if and until such time that any official committee(s) of creditors is appointed, the creditors on the Debtor's 20 Largest Unsecured

          Creditor List, filed with the Debtor's Petition;

(3) until such time that counsel for any official committee(s) of unsecured creditors in the Case is named, the individual members of any such committee(s)

(4) counsel to any official committee(s) of unsecured creditors, once such counsel has been named;

(5) secured creditors or their counsel;

(6) parties who file with the Court and serve upon the Debtor requests for special notice; and

(7) any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non- debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like

   The Debtor believes that the adoption of the proposed procedure is necessary and appropriate for at least four reasons. First, having to provide notice of all such matters to all creditors may delay and hamper the conduct of the Debtor's business and impede the consummation of transactions and negotiation of settlements which may be advantageous to the Debtor's estate and creditor. Allowing for the form of notice requested herein will allow the Debtor to better focus its energies on reorganization efforts. Second, sending notice to all creditors would substantially increase the copying and postage costs of this case, resulting in less value being potentially available to the estate. The cost of sending notices all creditors in this case is exacerbated in this case due to the fact that a number of the Debtor's creditors are located overseas. Third, any party in interest who is sufficiently interested in the kinds of transactions that are the subject of the requested limitation of notice may, by special request, receive all notices. Fourth, any party against whom direct relief is sought by motion, application or otherwise, will be afforded notice by the Debtor as a matter of course.

   Unless otherwise ordered by the Court, the limitation on notice proposed by this Motion shall not apply to the matters or proceedings referred to in Bankruptcy Rules 2002(a)(1) (meeting of creditors), 2002(a)(4) (hearing on the dismissal or conversion of the case), 2002(a)(5) (time fixed to

accept or reject a proposed modification of a plan), 2002(b) (time fixed for filing objections and hearings to consider approval of a disclosure statement and confirmation of a plan), 2002(d) (notice to equity security holders) and 2002(f) (special meetings of creditors), which matters or proceedings shall be noticed in accordance with such Bankruptcy Rules. In addition, while the limitation of notice shall apply to a motion for approval of bid procedures, the Debtor will provide notice to all creditors in connection with a motion for the sale of substantially all assets.

The Debtor's requested relief will reduce the burden, complication, delay, and cost to the Debtor's estate associated with mailing notice of all pleadings and other papers filed in this case to all creditors without significantly impacting creditors' participation in this case.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

1. affirming the adequacy of the notice given;

2. granting the Motion;

3. imiting notice in the Debtor's Case as described herein and approving the related notice procedures;

4. granting such other and further relief as the Court deems just and proper.

DATED: March 19, 2021    ZOLKIN TALERICO LLP

By: /s/ Derrick Talerico
  Derrick Talerico
  David B. Zolkin

and

COHNE KINGHORN, P.C.
George Hofman (Utah Bar No. 10005)
Timothy Nielsen (Utah Bar No. 17424)
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
(*pro hac vice pending*)

Proposed Attorneys for Larada Sciences, Inc., Debtor and Debtor-in-Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
    12121 Wilshire Blvd, Suite 1120, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION FOR ENTRY OF AN ORDER LIMITING NOTICE,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 19, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- US Trustee's Office:  ustpregion16.la.ecf@usdoj.gov
- Attorneys for Debtor:  Derrick Talerico:  dtalerico@ztlegal.com; maraki@ztlegal.com; sfritz@ztlegal.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 19, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| The Honorable Deborah J. Saltzman<br>United States Bankruptcy Court<br>255 E. Temple Street, Suite 1634<br>Los Angeles, CA 90012 | Via US Priority Mail |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 19, 2021 | Martha Araki | */s/ Martha Araki* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**